UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

JANELLA RHODES,
on behalf of herself and
all others similarly situated,                                    Case No. 22-cv-1252

                    Plaintiff,                                    COLLECTIVE AND CLASS
                                                                  ACTION COMPLAINT
v.                                                                PURSUANT TO 29 U.S.C.
                                                                  §216(b) AND FED. R. CIV.
                                                                  P. 23
CENTRAL GARDEN & PET COMPANY                                      JURY TRIAL DEMANDED
1340 Treat Boulevard, Suite 600
Walnut Creek, California 94597,

                    Defendant.

---

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

---

NOW COMES the Defendant, Central Garden & Pet Company, by O'Hagan Meyer, LLC,

its attorneys and for its Answer and Affirmative Defenses to the Complaint states as follows:

**PRELIMINARY STATEMENT**

1.          This is a collective and class action brought pursuant to the Fair Labor Standards

Act of 1938, as amended, ("FLSA"), and Wisconsin's Wage Payment and Collection Laws, Wis.

Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code

§ DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*. ("WWPCL") and Fed. R.

Civ. P. 23, by Plaintiff, Janella Rhodes, on behalf of herself and all other similarly situated current

and former hourly-paid, non-exempt employees of Defendant, Central Garden & Pet Company,

for purposes of obtaining relief under the FLSA and WWPCL for unpaid overtime compensation,

1

unpaid straight time (regular) and/or agreed upon wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

**ANSWER: Defendant admits a Janella Rhodes brings this lawsuit, but denies ever employing Janella Rhodes. Defendant denies any liability based on the claims made in this lawsuit.**

2. Defendant operated an unlawful compensation system that deprived and failed to compensate Plaintiff and all other current and former hourly-paid, non-exempt employees for all hours worked and work performed each workweek, including at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek, by failing to include all forms of non-discretionary compensation, such as monetary bonuses, premiums, incentives, awards, and/or other rewards and payments, in said employees' regular rates of pay for overtime calculation purposes, in violation of the FLSA and WWPCL.

**ANSWER: Defendant denies that it employed a Janella Rhodes. The remaining allegations in Paragraph 2 of the Complaint state legal conclusions for which no responsive pleading is required, and Defendant respectfully refers all matters of law to the Court. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 2.**

3. Defendant's failure to compensate its hourly paid, non-exempt employees for compensable work performed each workweek, including but not limited to at an overtime rate of pay, was intentional, willful, and violated federal law as set forth in the FLSA and state law as set forth in the WWPCL.

**ANSWER: The allegations in Paragraph 3 of the Complaint state legal conclusions for which no responsive pleading is required, and Defendant respectfully refers all matters of law to**

2

the Court. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 3.

<b><u>JURISDICTION AND VENUE</u></b>

4. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq*.

**ANSWER: The allegations in Paragraph 4 of the Complaint state legal conclusions for which no responsive pleading is required, and Defendant respectfully refers all matters of law to the Court.**

5. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*., because they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

**ANSWER: The allegations in Paragraph 5 of the Complaint state legal conclusions for which no responsive pleading is required, and Defendant respectfully refers all matters of law to the Court.**

6. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant has substantial and systematic contacts in this District.

**ANSWER: The allegations in Paragraph 6 of the Complaint state legal conclusions for which no responsive pleading is required, and Defendant respectfully refers all matters of law to the Court.**

7.     Plaintiff, Janella Rhodes, is an adult female resident of the State of Wisconsin residing at 8002 West Villard Avenue, Milwaukee, Wisconsin 53218.

**ANSWER: In response to Paragraph 7 of the Complaint, Plaintiff is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation.**

8.     Plaintiff's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is contemporaneously filed with the Complaint, (ECF No. 1).

**ANSWER: Defendant admits a Janella Rhodes signed a Notice of Consent to Join this lawsuit, but denies ever employing Janella Rhodes.**

9.     Defendant, Central Garden & Pet Company, is an entity doing business in the State of Wisconsin with a principal office address of 1340 Treat Boulevard, Suite 600, Walnut Creek, California 94597.

**ANSWER: Defendant admits the allegations in Paragraph 9.**

10.     Defendant is a pet supply distribution company.

**ANSWER: Defendant admits that part of its business is a pet supply distribution company.**

11.     For purposes of the FLSA, Defendant was an "employer" of an "employee," Plaintiff, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

**ANSWER: Defendant denies the allegations in Paragraph 11.**

12.     For purposes of the WWPCL, Defendant was an "employer" of Plaintiff, and Plaintiff was "employed" by Defendant, as those terms, or variations thereof, are used in Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

**ANSWER: Defendant denies the allegations in Paragraph 12.**

4

13.     During the relevant time periods as stated herein, Defendant was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

**ANSWER: The allegations in Paragraph 13 of the Complaint state legal conclusions for which no responsive pleading is required, and Defendant respectfully refers all matters of law to the Court.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 13.**

14.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff worked as an hourly-paid, non-exempt employee in the position of Warehouse Associate at Defendant's direction, on Defendant's behalf, for Defendant's benefit, and/or with Defendant's knowledge alongside all other hourly-paid, non-exempt employees in Defendant's "General Pet Supply" Division at Defendant's Milwaukee, Wisconsin location.

**ANSWER: Defendant denies the allegations in Paragraph 14.**

15.      Plaintiff brings this action on behalf of herself and all other similarly-situated current and former hourly-paid, non-exempt employees who work at, worked at, and/or were employed by Defendant within the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1). Plaintiff performed similar job duties as other current and former hourly-paid, non-exempt employees in similarly-titled positions who work at, worked at, and/or were employed by Defendant at locations owned, operated, and managed by Defendant, and Plaintiff and all other current and former hourly-paid, non-exempt employees were subject to Defendant's same unlawful compensation policies and practices as enumerated herein.

**ANSWER: Defendant denies the allegations in Paragraph 15.**

5

16.     During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant employed more than two (2) employees.

**ANSWER: Defendant admits the allegations in Paragraph 16.**

17.     During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant's annual dollar volume of sales or business exceeded $500,000.

**ANSWER: Defendant admits the allegations in Paragraph 17.**

18.     During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant hired, terminated, promoted, demoted, and/or suspended Plaintiff and all other hourly-paid, non-exempt employees.

**ANSWER: Defendant denies the allegations in Paragraph 18.**

19.     During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant supervised Plaintiff's and all other hourly-paid, non-exempt employees' day-to-day activities.

**ANSWER: Defendant admits that it supervises employees that work for the company. Defendant denies the remaining allegations in Paragraph 19.**

20.     During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant reviewed Plaintiff's work performance and the work performance of all other hourly-paid, non-exempt employees.

**ANSWER: Defendant admits it reviews work performance of its employees.  Defendant denies the remaining allegations in Paragraph 20.**

21.      During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant established Plaintiff's and all other hourly-paid, non-exempt employees' work

6

schedules and provided Plaintiff and all other hourly-paid, non-exempt employees with work assignments and hours of work.

**ANSWER: Defendant admits it has set its employees work schedules and provided its employees with work assignments. Defendant denies the remaining allegations in Paragraph 21.**

22.     During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees similarly utilized Defendant's employment policies, practices, and/or procedures in the performance of their job duties.

**ANSWER: Defendant admits its employees have utilize its employment policies, practices and/or procedures in the performance of their job duties. Defendant denies the remaining allegations in Paragraph 22.**

23.     During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant oversaw, managed, and adjudicated Plaintiff's and all other hourly-paid, non-exempt employees' employment-related questions, benefits-related questions, and workplace issues.

**ANSWER: Defendant admits it has helped oversee, manage and adjudicate employees' employment-related questions, benefits-related questions and dealt with workplace issues. Defendant denies the remaining allegations in Paragraph 23.**

24.     During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant established the terms and conditions of Plaintiff's and all other hourly-paid, non-exempt employees' employment.

**ANSWER: Defendant admits it establishes terms and conditions of its employees employment. Defendant denies the remaining allegations in Paragraph 24.**

7

25.     During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant compensated Plaintiff and all other hourly-paid, non-exempt employees for hours worked and/or work performed, including with additional forms of compensation, such as monetary bonuses, premiums, incentives, and/or other rewards and payments.

**ANSWER: Defendant admits it compensated employees for hours worked and at times some employees received additional forms of compensation.  Defendant denies the remaining allegations in Paragraph 25.**

## GENERAL ALLEGATIONS

26.     In approximately January 2022, Defendant hired Plaintiff as an hourly-paid, non-exempt employee in the position of Warehouse Associate working in Defendant's "General Pet Supply" Division at Defendant's Milwaukee, Wisconsin location.

**ANSWER: Defendant denies the allegations in Paragraph 26.**

27.     During the entirety of Plaintiff's employment with Defendant, Defendant compensated Plaintiff on an hourly basis and/or with an hourly rate of pay.

**ANSWER: Defendant denies the allegations in Paragraph 27.**

28.     During the entirety of Plaintiff's employment with Defendant, Plaintiff was a non-exempt employee for purposes of the FLSA and WWPCL.

**ANSWER: Defendant denies the allegations in Paragraph 28.**

29.     In approximately September 2022, Plaintiff's employment with Defendant ended.

**ANSWER: Defendant denies the allegations in Paragraph 29.**

30.     On a daily basis during Plaintiff's employment with Defendant, Plaintiff worked alongside other hourly-paid, non-exempt employees at Defendant's direction, on Defendant's

8

behalf, for Defendant's benefit, and/or with Defendant's knowledge in Defendant's "General Pet Supply" Division at Defendant's Milwaukee, Wisconsin location.

**ANSWER: Defendant denies the allegations in Paragraph 30.**

31.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees were employed by Defendant in hourly-paid, non-exempt job positions and performed compensable work on Defendant's behalf, with Defendant's knowledge, for Defendant's benefit, and/or at Defendant's direction at locations that were owned, operated, and managed by Defendant.

**ANSWER: Defendant admits it has hourly-paid non-exempt employees that perform compensable work for Defendant. Defendant denies the remaining allegations in Paragraph 31.**

32.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees regularly worked in excess of forty (40) hours per workweek.

**ANSWER: Defendant denies the allegations in Paragraph 32.**

33.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant knew or had knowledge that Plaintiff and all other hourly-paid, non-exempt employees worked in excess of forty (40) hours per workweek.

**ANSWER: Defendant admits that at time some of its employees work over forty (40) hours a week. Defendant denies the remaining allegations in Paragraph 33.**

34.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated Plaintiff and all other hourly-paid, non-exempt employees on a bi-weekly basis via check.

**ANSWER: Defendant admits that it compensates employees on a bi-weekly basis. Defendant denies the remaining allegations in Paragraph 34.**

35.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's workweek for FLSA and WWPCL purposes was Sunday through Saturday.

**ANSWER: The allegations in Paragraph 35 of the Complaint state legal conclusions for which no responsive pleading is required, and Defendant respectfully refers all matters of law to the Court. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 35.**

36.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees were non-union employees of Defendant.

**ANSWER: Defendant admits it does not have any union employees in the US. Defendant denies the remaining allegations in Paragraph 36.**

37.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees were subject to Defendant's same pay and timekeeping policies and practices.

**ANSWER: Defendant denies the allegations in Paragraph 37.**

38.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant tracked and/or recorded Plaintiff's and all other hourly-paid, non-exempt employees' hours worked each workweek.

**ANSWER: Defendant admits it tracks its employees hours worked. Defendant denies the remaining allegations in Paragraph 38.**

39.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained an electronic time-clock system (hereinafter simply "Defendant's electronic timekeeping system") that Plaintiff and all other hourly-paid, non-exempt employees used on a daily basis for timekeeping and/or recordkeeping purposes.

**ANSWER: Defendant does not have information to admit or deny if all non-exempt employees used Defendant's timekeeping system every single day. Defendant denies the remaining allegations in Paragraph 39.**

40.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees used Defendant's electronic timekeeping system on a daily basis for timekeeping and/or recordkeeping purposes.

**ANSWER: Defendant does not have information to admit or deny if all non-exempt employees used Defendant's timekeeping system every single day. Defendant denies the remaining allegations in Paragraph 40.**

41.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained employment records and other documentation regarding Plaintiff and all other hourly-paid, non-exempt employees.

**ANSWER: Defendant admits it maintains employment records for its employees. Defendant denies the remaining allegations in Paragraph 41.**

42.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained a centralized system for tracking and/or recording hours worked by Plaintiff and all other hourly-paid, non-exempt employees.

**ANSWER: Defendant denies the allegations in Paragraph 42.**

43. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained a centralized system for compensating Plaintiff and all other hourly-paid, non-exempt employees for all remuneration earned, including but not limited to with monetary bonuses, premiums, incentives, awards, and/or other rewards and payments.

**ANSWER: Defendant denies the allegations in Paragraph 43.**

44. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1) and on a monthly, quarterly, and/or ad hoc basis, Plaintiff and all other hourly-paid, non-exempt employees earned and were compensated with monetary bonuses, premiums, incentives, awards, and/or other rewards and payments based on their hours worked or work performed during their employment with Defendant.

**ANSWER: Defendant denies the allegations in Paragraph 44.**

45. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant failed to include all forms of non-discretionary compensation, such as monetary bonuses, premiums, incentives, awards, and/or other rewards and payments, in Plaintiff's and all current and former hourly-paid, non-exempt employees' regular rates of pay for overtime purposes in violation of the FLSA and WWPCL.

**ANSWER: Defendant denies the allegations in Paragraph 45.**

46. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's policies in practice failed to compensate Plaintiff and all other hourly-paid, non-exempt employees at the correct and lawful overtime rate of pay for all hours worked and work performed in excess of forty (40) hours in a workweek.

**ANSWER: Defendant denies the allegations in Paragraph 46.**

47.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant knew and/or was aware that its pay policies and practices failed to compensate Plaintiff and all other hourly-paid, non-exempt employees at the correct and lawful overtime rate of pay for all hours worked and work performed in excess of forty (40) hours in a workweek.

**ANSWER: Defendant denies the allegations in Paragraph 47.**

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

48.     Plaintiff brings this action on behalf of herself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The similarly situated employees include:

> All hourly-paid, non-exempt employees employed by Defendant within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1) who received a form of compensation, such as a monetary bonus, premium, incentive, award, and/or other reward and/or payment, during a workweek when said employees worked more than forty (40) hours during the representative time period that the form of compensation covered.

**ANSWER: Defendant admits Plaintiff brings this action.  Defendant denies the remaining allegations in Paragraph 48.**

49.     Plaintiff and the FLSA Collective primarily performed non-exempt job duties each workweek and, thus, were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

**ANSWER: Defendant denies the allegations in Paragraph 49.**

13

50. Plaintiff and the FLSA Collective were compensated on an hourly basis (and not on a salary basis) each workweek and, thus, were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

**ANSWER: Defendant denies the allegations in Paragraph 50.**

51. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated Plaintiff and the FLSA Collective with, in addition to an hourly or regular rate(s) of pay, other forms of non-discretionary compensation – such as performance-based and/or attendance-based monetary bonuses, premiums, incentives, awards, and/or other rewards and payments – on a weekly, bi-weekly, monthly, quarterly, annual, and/or ad hoc basis.

**ANSWER: Defendant denies the allegations in Paragraph 51.**

52. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), the monetary compensation that Defendant provided to Plaintiff and the FLSA Collective was non-discretionary in nature: it was made pursuant to a known plan (performance or productivity) or formula and/or were announced and known to Plaintiff and the FLSA Collective to encourage and/or reward their steady, rapid, productive, reliable, safe, consistent, regular, predictable, continued, and/or efficient work performance and/or hours worked.

**ANSWER: Defendant denies the allegations in Paragraph 52.**

53. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's pay practices failed to include all forms of non-discretionary compensation, such as monetary bonuses, premiums, incentives, awards, and/or other rewards and payments, in Plaintiff's and the FLSA Collective's regular rate(s) of pay for overtime calculation and compensation purposes during workweeks when said employees worked more than forty (40) hours during the representative time period. This practice resulted in Plaintiff and the FLSA

14

Collective being denied overtime compensation by Defendant at the rate of one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) in a workweek.

**ANSWER: Defendant denies the allegations in Paragraph 53.**

54. The First Claim for Relief is brought under and maintained as an opt-in Collective Action pursuant to § 216(b) of the FLSA, 29 U.S.C. 216(b), by Plaintiff on behalf of the FLSA Collective.

**ANSWER: Defendant admits Plaintiff makes a claim for relief.**

55. The FLSA Collective claims may be pursued by those who affirmatively opt in to this case, pursuant to 29 U.S.C. § 216(b).

**ANSWER: The allegations in Paragraph 55 of the Complaint state legal conclusions for which no responsive pleading is required, and Defendant respectfully refers all matters of law to the Court. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 55.**

56. Plaintiff and the FLSA Collective are and have been similarly situated, have and have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked including overtime compensation. The claims of Plaintiff as stated herein are the same as those of the FLSA Collective.

**ANSWER: Defendant denies the allegations in Paragraph 56.**

57. Plaintiff and the FLSA Collective seek relief on a collective basis challenging, among other FLSA violations, Defendant's practice of failing to properly and lawfully compensate

15

employees for all work performed and/or hours worked at the correct and lawful overtime rate of pay each workweek, in violation of the FLSA.

**ANSWER: Defendant denies the allegations in Paragraph 57.**

58.     Defendant was or should have been aware that its unlawful practices failed to compensate and deprived Plaintiff and the FLSA Collective of the appropriate and lawful overtime wages and compensation due and owing to them, in violation of the FLSA.

**ANSWER: Defendant denies the allegations in Paragraph 58.**

59.     The FLSA Collective is readily ascertainable. For purpose of notice and other purposes related to this action, the names, phone numbers, and addresses are readily available from Defendant. Notice can be provided to the FLSA Collective via first class mail to the last address known by Defendant and through posting at Defendant's facilities in areas where postings are normally made.

**ANSWER: Defendant denies the allegations in Paragraph 59.**

60.     Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the putative FLSA Collective.

**ANSWER: Defendant denies the allegations in Paragraph 60.**

## RULE 23 CLASS ALLEGATIONS – WISCONSIN

61.     Plaintiff brings this action on behalf of herself and all other similarly-situated employees pursuant to the WWPCL, under Fed. R. Civ. P. 23. The similarly situated employees include:

All current and former hourly-paid, non-exempt employees employed by Defendant in the State of Wisconsin within the two (2) years immediately preceding the filing of this Complaint (ECF No. 1) and through the date of final judgment who received a form of

16

compensation, such as a monetary bonus, premium, incentive, award, and/or other reward and/or payment, during a workweek when said employees worked more than forty (40) hours during the representative time period that the form of compensation covered.

**ANSWER: Defendant admits Plaintiff attempts to bring this action. Defendant denies the remaining allegations in this Paragraph 61.**

62. The members of the Wisconsin Class are readily ascertainable. The number and identity of the members of the Wisconsin Class are determinable from the records of Defendant. The job titles, length of employment, and the rates of pay for each member of the Wisconsin Class are also determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

**ANSWER: Defendant denies the allegations in Paragraph 62.**

63. The proposed Wisconsin Class is so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, upon information and belief, there are over fifty (50) members of the Wisconsin Class.

**ANSWER: Defendant denies the allegations in Paragraph 63.**

64. Plaintiff's claims are typical of those claims which could be alleged by any members of the Wisconsin Class, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Class in separate actions. All of the members of the Wisconsin Class were subject to the same corporate practices of Defendant, as alleged herein. Defendant's corporate-wide policies and practices affected all members of the Wisconsin Class similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each

17

member of the Wisconsin Class. Plaintiff and other members of the Wisconsin Class sustained similar losses, injuries and damages arising from the same unlawful policies and practices and procedures.

**ANSWER: Defendant denies the allegations in Paragraph 64.**

65.     Plaintiff is able to fairly and adequately protect the interests of the Wisconsin Class and has no interests antagonistic to the Wisconsin Class. Plaintiff is represented by counsel who are experienced and competent in both collective/class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

**ANSWER: Defendant denies the allegations in Paragraph 65.**

66.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Wisconsin Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual members of the Wisconsin Class to redress the wrongs done to them.

**ANSWER: Defendant denies the allegations in Paragraph 66.**

67.     Important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and

public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Wisconsin Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Wisconsin Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

**ANSWER: Defendant denies the allegations in Paragraph 67.**

68.     Defendant has violated the WWPCL regarding payment of regular wages and overtime wages. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

**ANSWER: Defendant denies the allegations in Paragraph 68.**

69.     There are questions of fact and law common to the Wisconsin Class that predominate over any questions affecting only individual members. The questions of law and fact common to the Wisconsin Class arising from Defendant's actions include, without limitation, the following: (1) Whether the work performed by Plaintiff and the Wisconsin Class is compensable under federal law and/or Wisconsin law; (2) Whether Defendant engaged in a pattern or practice of forcing, coercing, deceiving and/or permitting Plaintiff and the Wisconsin Class to perform work for Defendant's benefit without being properly compensated; (3) Whether Defendant failed

to include all forms of non-discretionary compensation in Plaintiff's and the Wisconsin Class' regular rate of pay for overtime purposes; and (4) The nature and extent of class-wide injury and the measure of damages for the injury.

**ANSWER: Defendant denies the allegations in Paragraph 69.**

70. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the state law claims.

**ANSWER: Defendant denies the allegations in Paragraph 70.**

## FIRST CLAIM FOR RELIEF

### Violations of the FLSA – Unpaid Overtime Wages (Non-Discretionary Compensation)

### (Plaintiff on behalf of herself and the FLSA Collective)

71. Plaintiff, on behalf of herself and the FLSA Collective, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

**ANSWER: In response to Paragraph 71 of the Complaint, Defendant repeats and reaffirms each and every response to Paragraphs 1 through 70 as if set forth fully herein.**

72. At all times material herein, Plaintiff and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

**ANSWER: The allegations in Paragraph 72 of the Complaint state legal conclusions for which no responsive pleading is required, and Defendant respectfully refers all matters of law to the Court.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 72.**

73. At all times material herein, Defendant was an employer of Plaintiff and the FLSA Collective as provided under the FLSA.

**ANSWER: Defendant denies the allegations in Paragraph 73.**

74. At all times material herein, Plaintiff and the FLSA Collective were employees of Defendant as provided under the FLSA.

**ANSWER: Defendant denies the allegations in Paragraph 74.**

75. Plaintiff and the FLSA Collective are victims of uniform compensation policy and practice in violation of the FLSA.

**ANSWER: Defendant denies the allegations in Paragraph 75.**

76. Defendant violated the FLSA by failing to account for and compensate Plaintiff and the FLSA Collective for overtime premium pay at the proper and correct overtime rate of pay for each hour worked in excess of forty (40) hours each workweek by failing to include all forms of non-discretionary compensation in the FLSA Collective's regular rates of pay for overtime calculation purposes.

**ANSWER: Defendant denies the allegations in Paragraph 76.**

77. The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

**ANSWER: The allegations in Paragraph 77 of the Complaint state legal conclusions for which no responsive pleading is required, and Defendant respectfully refers all matters of law to the Court. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 77.**

78.     Defendant was (and is) subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

**ANSWER: The allegations in Paragraph 78 of the Complaint state legal conclusions for which no responsive pleading is required, and Defendant respectfully refers all matters of law to the Court. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 78.**

79.     Defendant's failure to properly compensate Plaintiff and the FLSA Collective and failure to properly include all forms of non-discretionary compensation in the regular rate of pay for overtime calculations purposes was willfully perpetrated. Defendant also has not acted in good faith and with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant acted in good faith or with reasonable grounds in failing to pay overtime premium pay wages, Plaintiff and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

**ANSWER: Defendant denies the allegations in Paragraph 79.**

80.     As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff and the FLSA Collective for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

**ANSWER: Defendant denies the allegations in Paragraph 80.**

81.     Plaintiff and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

**ANSWER: Defendant denies the allegations in Paragraph 81.**

82.     Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

**ANSWER: The allegations in Paragraph 82 of the Complaint state legal conclusions for which no responsive pleading is required, and Defendant respectfully refers all matters of law to the Court.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 82.**

## SECOND CLAIM FOR RELIEF

**Violations of the WWPCL – Unpaid Overtime Wages (Non-Discretionary Compensation)**

**(Plaintiff, on behalf of herself and the Wisconsin Class)**

83.     Plaintiff, on behalf of herself and the Wisconsin Class, reasserts and incorporates all previous paragraphs as if they were set forth herein.

**ANSWER: In response to Paragraph 83 of the Complaint, Defendant repeats and reaffirms each and every response to Paragraphs 1 through 82 as if set forth fully herein.**

84.     At all relevant times, Plaintiff and the Wisconsin Class were employees of Defendant within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

**ANSWER: Defendant denies the allegations in Paragraph 84.**

23

85.     At all relevant times, Defendant was an employer of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

**ANSWER: Defendant denies the allegations in Paragraph 85.**

86.     At all relevant times, Defendant employed, and continue to employ, Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

**ANSWER: Defendant denies the allegations in Paragraph 86.**

87.     Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin Class regularly performed activities that were an integral and indispensable part of their principal activities without receiving compensation for these activities.

**ANSWER: Defendant denies the allegations in Paragraph 87.**

88.     At all relevant times, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class overtime compensation.

**ANSWER: Defendant denies the allegations in Paragraph 88.**

89.     Defendant willfully failed to pay Plaintiff and the Wisconsin Class overtime premium compensation for all hours worked in excess of forty (40) hours a workweek in violation of Wisconsin Wage Payment Laws by failing to include all forms of non-discretionary compensation in the Wisconsin Class' regular rates of pay for overtime calculation purposes.

**ANSWER: Defendant denies the allegations in Paragraph 89.**

90.     The foregoing conduct, as alleged above, constitutes continuing, willful violations of the Wisconsin Wage Payment and Collection Laws.

**ANSWER: Defendant denies the allegations in Paragraph 90.**

91.     As set forth above, Plaintiff and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

**ANSWER: Defendant denies the allegations in Paragraph 91.**

92.     Plaintiff and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

**ANSWER: Defendant admits Plaintiff seeks attorneys fees, but denies attorney fees should be awarded.**

<u>**AFFIRMATIVE DEFENSES**</u>

1.     Plaintiff's complaint fails to state a claim upon which can be granted.

2.     Any claimed overtime liability and liquidated damages for a period in excess of two years prior to filing is barred by the statute of limitations contained in the Portal-to-Portal Act of 1947 as amended, 29 U.S.C. § 255, as any violations of the Fair Labor Standards Act which may have occurred were not "willful" within the meaning of the statute.

3.     Any claim for liquidated damages under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216, is barred under the Portal-to-Portal Act of 1947, as amended, 29 U.S.C. § 260, as Defendants were at all times acting in good faith and had reasonable grounds for believing that their actions were not in violation of the Fair Labor Standards Act.

25

4. There are no current or former individuals that are similarly situated or otherwise eligible to participate in a class, collective, or other mass action.

5. Plaintiff's request for collective treatment should be denied in that Plaintiff and the members of the putative collective are not similarly situated and therefore, Plaintiff cannot meet the requirements for collective treatment pursuant to § 216(b) of the FLSA.

6. This action may not be properly maintained as a class action because Plaintiff has failed to plead and cannot establish the necessary procedural elements for class treatment, a class action is not an appropriate method for fair and efficient adjudication of the claims described in the Complaint, common issues of fact or law do not predominate, individual issues of fact or law predominate, Plaintiff's claims are not representative or typical of the claims of the putative class, Plaintiff is not an adequate representative for the alleged putative class, and there is not a well-defined community of interest in the questions of law or fact affecting Plaintiff and the members of the alleged putative class.

7. Plaintiff's attempt to pursue his claims as a collective or class action fail because an independent and individual analysis of the claims of each Plaintiff, opt-in plaintiff, and putative class member, and each of Defendant's defenses, is required. Because liability may be not determined by a single jury on a collective-wide or class-wide basis, allowing this action to proceed as a collective or class action would violate Defendant's rights to a jury trial under the Seventh Amendment.

8. This case should not be allowed to proceed as a collective or class action because the resulting proceedings and trial would not be manageable. Plaintiff's proposed class definitions are vague and overbroad.

**PRAYER**

WHEREFORE, Defendant prays that this Court enter a judgment as follows:

1.      That the Complaint be dismissed with prejudice and that judgment be entered in favor of Defendant;

2.      That Plaintiff takes nothing by way of her Complaint;

3.      That Defendant be awarded its costs of suit incurred in defense of this action, including its reasonable attorney's fees; and

4.      For such further and other relief as the Court may deem just and proper.

Respectfully submitted:

/s/ Ryan T. Benson
Ryan T. Benson (ARDC No. 6312338)
O'Hagan Meyer LLC
One East Wacker Drive
Suite 3400
Chicago, Illinois  60601
312.422.6100
rbenson@ohaganmeyer.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 9, 2022 the foregoing was filed electronically with the

Clerk of the Court to be served by operation of the Court's electronic filing system upon the

following:

James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405
David M. Potteiger, State Bar No. 1067009
WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-Mail: jwalcheske@walcheskeluzi.com
E-Mail: sluzi@walcheskeluzi.com
E-Mail: dpotteiger@walcheskeluzi.com
*Attorneys for Plaintiff*

/s/ Ryan T. Benson
Ryan T. Benson (ARDC No. 6312338)
O'Hagan Meyer LLC
One East Wacker Drive
Suite 3400
Chicago, Illinois  60601
312.422.6100
rbenson@ohaganmeyer.com